UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OLGER HERNEY MONTAGUTH PEREZ,

        Petitioner,                Case No. 1:26-cv-171

v.                                       Honorable Paul L. Maloney

KRISTI NOEM et al.,

        Respondents.
_____/

## **ORDER**

      This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on February 6, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 7, 8.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment.. (Op. & J., ECF Nos. 7, 8.) On February 17, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.)

      Thereafter, later that same day, Petitioner filed a Motion to Enforce Judgment or to Supplement Petition (Motion) in this closed action. (ECF No. 10.) In the Motion, Petitioner states

that he was denied bond at the bond hearing, and he argues that the Immigration Judge improperly concluded that Petitioner was a flight risk. (*See generally id.*) In light of this, Petitioner asks this Court to order his immediate release from custody or to order Respondents to hold a new bond hearing. (*Id.*, PageID.370.)

In the Motion, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's February 6, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's February 6, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's February 6, 2026, Opinion and Judgment. Therefore, Petitioner's Motion (ECF No. 10) in this closed case is **DENIED WITHOUT PREJUDICE**. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's February 6, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:  March 5, 2026  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge